UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE DEMETRIC PAYNE, )
)
    Plaintiff, )
) Case No. 3:15-CV-457 JD
    v. )
)
KENNETH COTTER, *et al.*, )
)
    Defendants. )

## OPINION AND ORDER

Andre Demetric Payne, a *pro se* prisoner, filed this case against two deputy prosecuting attorneys and the City of South Bend. He alleges that the deputy prosecutors used perjured testimony against him during his State criminal trial in 2009. He alleges that they were employed by the City of South Bend when they did. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, the deputy prosecutors must be dismissed because they are immune from civil suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir.

2003) (quotation marks and citation omitted). Giving opening statements and examining witnesses is a part of the presenting the State's case, therefore the two deputy prosecutors are immune from suit.

The City of South Bend must be dismissed because it did not employ the deputy prosecutors. Though they worked *in* the City, they worked *for* the St. Joseph County Prosecutor's Office. *See* Indiana Code 33-39-6-2 (deputy prosecutors appointed by prosecuting attorney) and Indiana Constitution Art. 7, § 16 (prosecutors are an independently elected office). Moreover, even if they had been employed by the City of South Bend, there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the immunity of the deputy prosecutors or the fact that they were not employed by the City of South Bend.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: October 6, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court